## DiRenzo v. Transamerican Freight Lines, Inc.

*David E. Abrahamsen* and *John B. Hannum, 3rd,* for defendant.

*George R. Williams, 3rd,* for additional defendant.

BOK, P. J., January 11, 1957.—Preliminary objections have been filed to the writ and to the first count in defendant's complaint against the Pennsylvania Turnpike Commission as an additional defendant.

Under Pa. R. C. P. 2255(*a*) the pleadings and procedure to join a party as additional defendant shall be considered the same as if between a plaintiff and a defendant.

The objections raise two questions.

One is that the turnpike commission is a governmental instrumentality of the Commonwealth and hence has the Commonwealth's immunity from suit unless suit was expressly authorized. An ordinary suit for damages arising out of a collision with a vehicle belonging to the commission has admittedly not been

authorized in the Act of May 16, 1940, Ex. Sess., P. L. (1941) 949, 36 PS §653 et seq.

The other question is that in section 653e (c) the act provides:

"(c) The commission may sue and be sued in its own name, plead and be impleaded: Provided, however, That any and all actions at law or in equity against the commission shall be brought only in the proper courts at the county of Dauphin."

This language is so clear and obviously mandatory that there can be little doubt of its meaning. Any and all actions must be brought in Dauphin County. The original defendant argues that the provision is absurd and unworkable in a suit already begun in a county other than Dauphin where an effort is made to bring in the commission, as in the instant case. The word "implead" then takes hold and allows the procedure.

The answer is that there are certain actions allowed under the law to be brought against the commission, as in the case of Ewalt v. Pennsylvania Turnpike Commission, 382 Pa. 529 (1955), and these with pleadings and impleadings, have Dauphin County as their exclusive venue. Other suits are prohibited because the commission is a governmental function of the Commonwealth. Since pleading is impossible on that account, so is impleading.

Again the act must be held to mean what it says, in section 653d:

"The exercise by the commission of the powers conferred by this act in the construction, operation and maintenance of the turnpike shall be deemed and held to be an essential governmental function of the Commonwealth."

And section 652d of the act constitutes the commission "an instrumentality of the Commonwealth".

In the Ewalt case, by way of dictum, the Supreme Court said: "The immunity which the appellee thus

imputes to itself may be conceded." And in Pennsylvania Turnpike Commission v. Smith, 350 Pa. 355 (1944), the Supreme Court held that the commission was not liable for interest on an arbitrator's award and cited the "instrumentality" section of the act above set forth. If it is not liable for interest, a fortiori it should not be liable for tort damages.

The question has expressly been passed upon by the Common Pleas Courts of Dauphin County and Philadelphia County (C. P. No. 3), in House v. Pennsylvania Turnpike Commission, 45 D. & C. 673 (1942); Valley Forge Gardens, Inc. v. Morrissey, Inc. 3 D. & C. 2d 164 (1953).

The preliminary objections are sustained; the writ to join the Pennsylvania Turnpike Commission as an additional defendant is quashed, and the first count of the complaint of defendant against the Pennsylvania Turnpike Commission as additional defendant is dismissed.